NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0677n.06

No. 20-3367

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 01, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ANTHONY HAYNE, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    SUHRHEINRICH, McKEAGUE, and READLER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  After attempting to blow up the Brecksville-Northfield High Level Bridge ("Route 82 Bridge") near Cleveland, Ohio with an improvised explosive device, Anthony Hayne and his four coconspirators were charged on May 3, 2012, with conspiring to use weapons of mass destruction, in violation of 18 U.S.C. §§ 2332a(a)(2)(B) and (D); attempting to use weapons of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2)(B) and (D) and 18 U.S.C. § 2; and attempting to damage or destroy property used in interstate commerce by means of explosives, in violation of 18 U.S.C. § 844(i) and 18 U.S.C. § 2.  Hayne pleaded guilty to all three charges pursuant to a plea agreement.  On November 30, 2012, the district court sentenced Hayne to 72 months of imprisonment to be followed by a lifetime period of supervised release, pursuant to 18 U.S.C. §§ 3583(j) and 2332b(g)(5)(B).  The district court felt that a "period of supervised release for life will likely persuade the defendant to resist any temptation for additional criminal conduct."

This court affirmed the district court's application of the 12-level terrorist enhancement under USSG § 3A1.4 (which put Hayne in criminal history category VI). Section 3A1.4 applies to "a felony that involved, or was intended to promote, a federal crime of terrorism," as defined in 18 U.S.C. § 2332b(g)(5). *See* USSG § 3A1.4(a) & cmt. n.1. We explained that:

> Section 2332b(g)(5) sets forth two requirements for an offense to be considered a federal crime of terrorism: first, the offense must be "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct," and second, the underlying act must be included within an enumerated list of eligible offenses. This list includes violations of 18 U.S.C. § 844(i) (arson and bombing of property used in interstate commerce) and § 2332a (use of weapons of mass destruction).

*United States v. Wright*, 747 F.3d 399, 407 (6th Cir. 2014) (citing 18 U.S.C. § 2332b(g)(5)(B)(i)). Because "[t]he defendants d[id] not dispute that they were charged with offenses making them eligible for the terrorism enhancement," we turned to their challenge "that the government ha[d] not met its burden of showing that they intended 'to influence or affect the conduct of government' or 'retaliate against government conduct.'" *Id.* at 408. We then held that the phrase "calculated to influence or affect the conduct of [the] government" imposes a specific-intent requirement. *Id.* A majority concluded that Hayne had the requisite intent. *Id.* at 418–19. We therefore affirmed Hayne's sentence. *Id.* at 419.

We did not overtly address whether the district court was authorized to impose a lifetime term of supervised release based on the charges of conviction. However, in rejecting a codefendant's argument challenging the reasonableness of his lifetime supervision sentence, we noted that under § 3583(j), "[t]he authorized term of supervised release for any offense listed in section 2332b(g)(5)(B) is any term of years or life," and that USSG § 5D1.2(b)(1) "authoriz[es] [a] term of supervised release 'up to life' for 'any offense listed in 18 U.S.C. § 2332b(g)(5)(B)'". *Id.* at 416.

After being released from prison in July 2017, and while under supervision, Hayne violated the terms of his supervised release by testing positive for cocaine use, failing to attend cognitive behavioral therapy, and failing to attend mental health counseling. These behaviors prompted the district court to revoke Hayne's supervised release on March 28, 2019, and sentence him to four months of incarceration, and further order that, upon release Hayne "continue[] on" the lifetime supervision imposed at sentencing.

After the four-month stint and back on supervised release, Hayne repeatedly violated the terms of his supervised release and was arrested again on November 13, 2019. He also failed to contact law enforcement about an outstanding state court warrant charging him with Felony-Three Domestic Violence, a charge to which he later pleaded guilty.

On March 23, 2020, the district court sentenced Hayne to 51 months of imprisonment based on Hayne's admitted violations of the conditions of his supervised release, "to wit: drug and alcohol use and [a] new law violation." The court further held that the "[l]ifetime term of supervised release remains in effect." It is this re-imposition of lifetime supervision that Hayne challenges in this appeal.

Hayne asserts that the district court was not authorized to re-impose lifetime supervised release because § 3583(j) provides that lifetime supervision is explicitly limited to "terrorism" violations under § 2332*b* ("relating to acts of terrorism transcending national boundaries"), and he pleaded guilty to § 2332*a* ("relating to use of weapons of mass destruction") (emphases added). He therefore claims that the district court erred in re-imposing a term of supervised release that lacked a legal basis from the outset. We disagree and affirm the judgment of the district court.

As we explained in *Wright*, § 3583(j) provides that "[t]he authorized term of supervised release for any offense listed in section 2332b(g)(5)(B) is any term of years or life." *Wright*,

747 F.3d at 416 Section 844(i) "[offenses] relating to arson and bombing of property used in interstate commerce" and § 2332a "[offenses] relating to use of weapons of mass destruction" are listed in § 2332b(g)(5)(B). The district court therefore was clearly authorized to impose a lifetime term of supervised release for all three of Hayne's underlying convictions under the plain language of § 3583(j). And it had the authority to re-impose lifetime supervised release after Hayne's 51-month term of imprisonment ended because § 3583(h) allows a court to:

> include a requirement that the defendant be placed on a term of supervised release after imprisonment . . . not [to] exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed for the supervision violation.

18 U.S.C. § 3583(h). Because the underlying statutes of conviction qualify for lifetime supervision, the district court did not err in re-imposing the same lifetime term for Hayne's supervision violation.

Hayne asks us to apply the rule of lenity. That doctrine has sway when a criminal statute is ambiguous. *See United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001). The one at issue is not. Section 3583(j) clearly authorizes any term of supervised release, including a lifetime term, for all crimes listed in § 2332b(g)(5)(B). Hayne's claim that § 3583(j) covers only those listed in § 2332b(a) is incorrect.

In short, this appeal is without merit. **We AFFIRM**.